# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER, | ) 1:15-cv-00857-AWI- BAM (PC) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION (ECF No. 1) |
| v. | ) |
| PHILLIP J. CLINE, et al., | ) OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| Defendants. | ) |

### **Findings and Recommendations**

**I.     Screening Requirement and Standard**

Plaintiff Gerald L. Tucker ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on June 8, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.  Allegations in Complaint**

Plaintiff is currently incarcerated at R. J. Donavan Correctional Facility in San Diego, California. He names the following defendants: (1) Phillip J. Cline, D.A., (2) Kimberly Smith, Deputy D.A., (3) David L. Alavezos, Deputy D.A., (4) Thomas Luttrell, Ex-Detective, (5) Brian Haney, Detective; (6) Douglas Reese, Fresno Police Detective, (7) Vernon Hensley, Visalia Sherriff Dept., (8) Art Nava, Visalia Detective, (9) Laura Slaughter, M.D., (10) Edward Blake, M.D., (11) John Jackson, Deputy D.A., (12) Frederick E. Allen, Chief Probation Officer, (13) Leanne Williams, Super. Probation Officer, (14) James M. Kordell, Claimant/Defendant's Attorney, and (15) Imperial Wizard of the Ku Klux Klan.

Plaintiff alleges as follows:

That Said Defendants conspired to frame Claimant of Murder/Rape charges from a crime of such that occurred in, or around, 1969. The Conspiracy to do such was by way of Illegal Search and Seizure by kidnapping Claimant, taking him to some unknown Hospital to withdraw Claimant's blood without Claimant being named

as a suspect in any crime; then taking Claimant's blood sample to plant it on the 30 years old evidence, thereby establishing a False Arrest of Claimant as Suspect. Since then, Claimant has consumed his time trying to seek relief from this Conspiracy, only to be met with retaliatory actions from State Officials at the prisons Claimant has housed at, currently Pleasant Valley State Prison ("PVSP"). The most recent being, Associate Warden R.M. Trimble, Warden James Yates, and a number of Medical Staff, have tampered Lab Test to inject unknown chemicals in the vials of my blood seeking to kill me off.  Meanwhile, the cause of death of the victim in the crime Claimant was framed with, exonerates him.

(ECF No. 1, p. 4.)

Plaintiff also alleges that Brian Haney contacted Detective Reese of the Fresno Police Department.  Detective Reese arrested Plaintiff on the streets in Fresno, California.  Plaintiff contends that the Fresno Police Department had no jurisdiction as the Los Angeles County.  Plaintiff was arrested while pushing a shopping cart in Fresno.  Detective Rees advised Brian Haney that he would research the records for a failure to register as a sex offender.  Plaintiff contends that that there is no evidence presented in court that a failure to register had occurred or existed. (ECF No. 1, p. 5.)  Plaintiff claims he was not a resident of Fresno and jurisdiction did not exist in Fresno County as a crime was not alleged to have been committed.  (ECF No. 1, p. 6.)  Plaintiff further alleges that the illegality of taking his blood without permission on February 12, 1998, must be suppressed.  (ECF No. 1, p. 6.)

Plaintiff also includes factual allegations, claims and purported testimony from a trial related to the death of Wilma Jean McNutt.  (ECF No. 1, pp. 7-15, 17-20.)  Plaintiff alleges that he did not commit an act of murder or rape, as neither occurred.  Plaintiff contends that the alleged homicide and rape were a fraud and DNA was planted by conspirators, including Brian Haney, on February 12, 13, 1998, which included tails and sperm after thirty years.  Plaintiff asserts that his wrongful conviction caused a loss of freedom, mental stress, stroke and injury. (ECF No. 1, pp. 22-23.)  Plaintiff also asserts that Defendant Luttrell conspired with fellow police officers to frame Plaintiff by placing his blood on a few items of Ms. McNutt's clothing. (ECF No. 1, p. 24.)  Defendant Hensley reportedly gave testimony that he had taken evidence from the body of Ms. McNutt and the DNA was inconclusive.  (ECF No. 1, p. 25.)  Defendant Reese allegedly failed to have jurisdiction to arrest Plaintiff for failure to register as a sex

3

offender because Plaintiff did not live in Fresno.  (ECF No. 1, p. 25.)  Plaintiff asserts that he was not on parole.  (ECF No. 1, pp. 25-26.)

### III.   DISCUSSION

#### A.   Section 1983 Action Barred

The crux of Plaintiff's claim is a challenge to his purportedly wrongful arrest and his conviction for murder.  When a prisoner is challenging the legality or duration of his custody, his sole federal remedy is habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973).  A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. at 1248 (2005).  Plaintiff is clearly challenging the legality of his custody.  Since the success in this action would necessarily demonstrate the invalidity of his confinement, the sole remedy available to Plaintiff is a writ of habeas corpus.[1]

#### B.   Res Judicata

This action also is duplicative of Tucker v. Cline, et al., 1:13-cv-00400-AWI-BAM (PC) and is barred by the doctrine of res judicata.  See Arizona v. California, 530 U.S. 392, 412, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000) (district court has the power to dismiss an action sua sponte on res judicata grounds); McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir.1986) (federal court may examine res judicata effect of prior judgment sua sponte).  Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action.  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).  Res judicata applies when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties."  Id.

///

---

[1] The Court notes that this is not the first time that Plaintiff has attempted to challenge his conviction.  In both Gerald L. Tucker v. Stuart Ryan, Warden, 1:04-cv-05662-OWW-DLB HC and Gerald L. Tucker v. P. D. Brazelton, 1:13-cv-01534-AWI-BAM HC, Plaintiff challenged his conviction for murder.  There is no indication that Plaintiff has obtained leave from the Ninth Circuit Court of Appeals to pursue a successive petition attacking his conviction and, thus, any successive petition must be dismissed.  28 U.S.C. § 2244(b).

1. Identity of Claims

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens, 244 F.3d at 713 (internal quotation and citation omitted).

Prior to initiating the instant action, Plaintiff pursued section 1983 claims challenging his false arrest, illegal search and conviction for murder in Tucker v. Cline, 1:13-cv-00400-AWI-BAM. On March 5, 2014, the Magistrate Judge issued Findings and Recommendations that Plaintiff's action failed to state a cognizable section 1983 claim and Plaintiff's sole remedy for challenging the legality of his custody was a federal habeas corpus petition. On March 28, 2014, the District Court adopted the Findings and Recommendations in full, dismissing Plaintiff's claims for failure to state a claim under section 1983.

Both the instant action and the prior action are directed at invalidating Plaintiff's conviction. The two actions involve the same time period, all but two of the same defendants and a nearly identical transactional nucleus of facts, i.e., his false arrest, improper search and DNA testing and wrongful conviction for murder. The Court therefore finds an identity of claims.

2. Final Judgment on the Merits

In the prior action, the Court dismissed the action for failure to state a claim, which constitutes a final judgment on the merits. Stewart v. U. S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002) ("dismissal for failure to state a claim" constitutes final judgment on the merits to which res judicata applies). The Court therefore finds that Plaintiff's claims were adjudicated on the merits in Tucker v. Cline, 1:13-cv-00400-AWI-BAM.

3. Identity or Privity Between Parties

Both actions involve allegations against the same defendants. The only difference is that in the current action Plaintiff has omitted two defendants that were named in the prior action.

**IV.    Conclusion and Recommendation**

For the reasons stated, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable section 1983 claim and as barred by the doctrine of res judicata

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 22, 2015**              /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE